Louis Gr. Beuhít, J.
This is an appeal from a judgment of conviction for a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law of the State of New York rendered by a jury on the 26th day of July, 1960 before the Honorable Robebt Stedge, Justice of Peace of the Town of Ulster.
While a number of alleged errors are assigned for reversal by the defendant, the most critical is whether or not the court had jurisdiction to try him.
Whether the defendant is correct in his contention is dependent upon an interpretation of section 164 of the Code of Criminal Procedure and the application of the instant facts to such interpretation.
Section 164 insofar as it applies to this case, provides as follows: “If the defendant is arrested without a warrant for a misdemeanor, offense, infraction or violation of ordinance he must be taken immediately before an available magistrate of a town in the county in which the offense charged is alleged to have been committed who is nearest or most accessible with reference to the place where said arrest is made.” (Italics supplied.)
To most sensibly interpret the intent of this section, obviously, we must establish the place of arrest as the focal point.
From that point, a determination must then be made as to the nearest Magistrate on a radius from such spot.
Of course, little imagination is necessary to suggest that while a Magistrate may be nearest as the crow flies, he may not be most accessible in that direction by means of existing traversable highways.
If the nearest is the most accessible then, naturally, he becomes the first to be considered in priority for the second determination necessary of ascertainment.
After a determination has been established in sequence of those Magistrates nearest or most accessible within the county, the question of availability must be resolved.
Two principal questions then must be answered in order to intelligently conclude whether or not the ultimate selection of the Magistrate has satisfied the statutory requirements.
First, what do we mean by available and, secondly, what efforts should be pursued before excluding a Magistrate nearest or most accessible on our scale of priority.
In the opinion of this court, the word 1 ‘ available ’ ’ as used in the statute should be given its most commonly accepted definition.
Such definition suggests that the Magistrate who should acquire jurisdiction is such Magistrate who is ‘ ‘ capable of being *456 used ” and to be that, he must be handy and at the disposal of those seeking to use him.
Of course, to be most fully convinced whether or not the Magistrate who should first be checked is available, it would seem that, the apprehending officer should transport the prisoner directly and immediately to such Magistrate’s home or office whichever place has been used in the first determination.
If he is not there available or would not be within a reasonable time, the burden of proceeding to the Magistrate next in order arises.
While this court hesitates to state that in no case may resort be had to the telephone to ascertain availability, it must point out that because of the possible problems in its use such as giving or dialing a wrong number, the phone being out of order, the line being busy with the Magistrate being present but not engaged in conversation, to mention but a few, are all suggestive of the risks in relying on the use of the telephone alone.
As a matter of fact, the situation in the instant case seems to provide a perfect example of the danger in the utilization of that medium alone in resolving such a vital question as jurisdiction.
We have evidence in this case that three other Magistrates who would have had prior jurisdiction, were actually available at the time of arrest.
Even eliminating one of such Magistrates because of a conflict of the evidence on his availability, we have uncontradicted evidence that one of the other Magistrates was called five or six times with no answer being received and evidence that the other Magistrate, who lived but a short distance from the place where the call was made, was, for some strange reason, called only once and, because the line was busy at that time, not called again.
Each of these latter two attested to his availability at the time of the call.
Furthermore, the fact that the arresting officer took the defendant from the place of arrest to the police station in the Village of Saugerties before making any calls certainly makes one wonder why he did not take him to the respective homes or offices of the three Justices whom he did call.
Since the lower court placed considerable emphasis on the legislative choice of the word “ immediately ” it certainly cannot be said that, under the circumstances of this case, the arresting officer took this defendant immediately to him, even assuming that he was the nearest or most accessible Magistrate.
More, but not convincing, appeal might attach to such argument if the attempts of the officer had been made at the place *457 of arrest rather than at the police station in the Village of Sangerties.
Since there were other Magistrates who were nearer or most accessible and available Judge Stedge, unfortunately, had no jurisdiction in the premises and the entire proceedings before him became a nullity.
In passing, this court is prompted to call the attention of the Legislature to the problems that will arise and to the burden now placed upon an arresting officer and a Magistrate as a result of the change in concept of jurisdiction from that of the town of the locus of the violation to that of the nearest or most accessible and available Magistrate from the place of arrest.
Such change practically requires maps, protractors and transits as standard equipment for each police officer and practically requires an independent hearing and proceeding by the Magistrate on the vital question of jurisdiction.
Such burden would seem to complicate rather than simplify procedure and the Legislature might well consider a return to the old criterion or, at least, some different modification or limitation of it.
Therefore, for the reasons stated, the judgments of conviction and sentence are vacated; the information dismissed; the defendant discharged and the fine remitted. Submit order.