THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* TERRY C. MESSINGER, Appellant.

Third Department, November 29, 1973.

*W. Kramer Cuddy, III,* for appellant.

*William N. Ellison, District Attorney,* for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Schuyler County, rendered February 23, 1973, convicting defendant, upon his plea of guilty, of driving while intoxicated and sentencing him to an indeterminate term not to exceed three years in the custody of the State Department of Correctional Services.

The facts are not in dispute. Defendant was arrested for the crime of operating a motor vehicle while in an intoxicated condition on December 7, 1972, and, having a prior conviction for such an offense, he was thereafter properly indicted by the Grand Jury for the crime as a felony. He entered a plea of guilty on January 22, 1973 and was subsequently sentenced to the term of imprisonment noted above.

His major contention on this appeal is that his sentence is invalid, in that it was imposed pursuant to subdivision 2 of section 70.00 of the Penal Law, authorizing a maximum term of four years, rather than subdivision 5 of section 1192 of the Vehicle and Traffic Law, which prescribes a maximum of two

years' imprisonment. He argues that where there is a statutory conflict, as here, concerning the maximum permissible sentence, that a more specific statute, the Vehicle and Traffic Law, should control a statute more general in nature, the Penal Law.

With this contention we cannot agree. The Fourth Department, in a case squarely on point with the facts of this case (*People* v. *Bouton,* 40 A D 2d 383), rejected this identical argument, and we concur in that result. We are admittedly concerned with a Class E felony (Penal Law, § 55.10, subd. 1), for which the Penal Law prescribes a maximum term of four years (Penal Law, § 70.00, subd. 2), and it is clear that in applying the revised Penal Law's system of categorizing and classifying offenses to offenses defined outside the Penal Law, that the authorized sentences for felonies defined outside the Penal Law, as in subdivision 5 of section 1192 of the Vehicle and Traffic Law, " are automatically raised or lowered, as the case may be, to the class E sentence " (Practice Commentary by Peter Preiser, McKinney's Cons. Laws of N. Y., Book 39, pp. 91–92, under Penal Law, § 55.10).

Defendant's further contention that the Vehicle and Traffic Law should control here in that it was enacted five years after the Penal Law enactment of 1965 is equally inapposite. The particular penalty prescribed by the Vehicle and Traffic Law in this instance has been embodied in the statutes of this State for over 60 years and " incorporated in substantially similar language in subsequent amendments and re-enactments " of that law (*People* v. *Bouton, supra,* p. 384).

The remaining issues raised by the defendant are similarly without merit. There is no denial of due process or equal protection, as the sentencing procedures are clear and equally applicable to each and every defendant convicted of this crime in the State. Likewise, in view of defendant's past record, we cannot say that the sentence imposed was unduly harsh or excessive.

The judgment should be affirmed.

GREENBLOTT, J. (dissenting). We dissent. Subdivision 5 of section 1192 of the Vehicle and Traffic Law specifically provides that the sentence upon a second conviction for driving while intoxicated, a felony, shall not exceed two years, and it is a well-settled rule of construction that where there is an irreconcilable conflict between two statutes, one general in application and one specific, the latter shall control. Due process demands that this rule be especially applicable in criminal cases, and

lest there be any doubt about the correctness of this proposition, it is to be noted that the Legislature explicitly allowed for a situation where it might be "otherwise expressly provided" that some provision outside the Penal Law would control as to punishment (Penal Law, § 5.05, subd. 2).

The majority, however, relies on *People* v. *Bouton* (40 A D 2d 383), where the Appellate Division in the Fourth Department held that the provision in subdivision 2 of section 5.05, that "unless otherwise provided * * * the provisions of this chapter shall govern the * * * punishment for any offense defined outside of this chapter", should be read to require not only the classification of the offense here involved as a Class E felony pursuant to subdivision 1 of section 55.10 of the Penal Law, but the imposition of sentence pursuant to paragraph (e) of subdivision 2 of section 70.00. In our view, such an interpretation is contrary to the express statutory language in that it would allow no exceptions; an interpretation which would render statutory language meaningless should not be given effect.

The majority also relies upon the statement of the commentator that the authorized sentence for felonies defined outside of the Penal Law shall be "automatically raised or lowered * * * to the class E sentence." While this may have been the intended result, generally speaking, in most cases, we are of the view that the statutory language is insufficient to override the clear and specific expression of legislative intent in section 1192 of the Vehicle and Traffic Law. This is the view taken by Irving Schwartz in his "Introduction to the Sentence Charts" (McKinney's Cons. Laws of N. Y., Book 39, 1973–74 Pocket Part, pp. 11–12). Mr. Schwartz recognizes that "an anomalous situation has developed" with respect to sentencing for intoxicated driving as a felony, but concludes that while a categorization as a Class E felony is permitted under section 55.10 of the Penal Law, the sentence must nevertheless be limited to that provided in the Vehicle and Traffic Law.

An examination of section 55.10 itself supports this conclusion. In subdivision 1 thereof it is stated that any offense defined outside the Penal Law which is declared to be a felony without classification "*or for which a law outside this chapter provides a sentence to a term of imprisonment in excess of one year*", shall be deemed a Class E felony. (Emphasis supplied.) Thus, the statute requires that crimes defined in other laws be *classified* as Class E felonies, and thus alternative dispositions such as provided for in subdivision 2 of section 70.00 of the Penal Law may apply; it does not, however, require *punishment* as a Class

18

E felony. The existence of sentences other than those set forth in section 70.00 of the Penal Law is explicitly recognized, and there is nothing in either section 55.10 or 70.00 stating that such sentences are repealed and replaced. It is well settled that a construction resulting in an implicit repealer of a statute is not favored. Here, where the Vehicle and Traffic Law sentence has been specifically re-enacted subsequent to the enactment of those provisions of the Penal Law here involved, such a construction would be particularly objectionable, and the conclusion of the majority and the *Bouton* court to the contrary is, in our view, strained and unnatural.

The judgment should be reversed and the matter remanded to the County Court of Schuyler County for resentencing pursuant to the Vehicle and Traffic Law.

STALEY, JR., J. P., and REYNOLDS, J., concur with MAIN, J.; GREENBLOTT and COOKE, JJ., dissent and vote to reverse in an opinion by GREENBLOTT, J.

Judgment affirmed.