Liston F. Coon, J.
The defendants-appellants were arrested without a warrant on January 10, 1974 and charged with the taking of a deer out of season in violation of subdivision 10 of section 11-0901 of the Fish and Wildlife Law which is part of the Environmental Conservation Law. They were arrested in the Town of Orange, Schuyler County, by an officer of the Department of Environmental Conservation.
Arraignment and the filing of the required accusatory instrument did not take place in the Town Court, of the Town of Orange, rather in the Town of Dix, Schuyler County, an adjoining town. At that arraignment the defendants waived any adjournment or counsel and pleaded guilty. Each was fined $1,000 and committed to jail until the fines were paid. This appeal was taken on the grounds that the convictions and ensuing judgments were illegal and that the punishment was excessive.
Two principal jurisdictional grounds are advanced for reversal, first that a town court has no jurisdiction over the violation and, second, that the procedure in arraigning the defendants was improper.
The court is immediately confronted with the conflicting provisions of the Environmental Conservation Law (ECL), the Criminal Procedure Law (CPL) and the Uniform Justice Court Act (UJCA). 'Each of these acts is of recent vintage and the ECL was enacted last. One must grapple, then, with the issue of legislative intent and interpretation where, as here, we have general statutes conflicting with specific ones. It is appropriate that some legislative history be set forth.
*217 A number of provisions of the ECL would seem to support the jurisdictional issue.
Subdivision 1 of section 71-0513 of the ECL grants jurisdiction to local criminal courts over offenses committed under certain titles of that chapter but subdivision 2 then ¡provides that the section does not apply to offenses committed under article 11, which is the case here.
Section 71-0905 of the ECL provides that the provisions of the Penal Law, the ¡Criminal Procedure Law or any other law are not affected, “ except to the extent that such provision or language is expressly stated to be applicable notwithstanding such law, or notwithstanding any other law.” It further provides that nothing in the law shall be construed to extend jurisdiction of “courts of special sessions and police courts "[1] to impose punishment involving the taking of a deer before the first day or after the last day of open season.
Section 71-0919 of the ECL, which lists the possible punishments for violations of the Fish and Wildlife Law, specifically provides that penalties provided for in subdivisions 4 and 5 of section 71-0921 of the ECL may be imposed only by a court of record. Concededly, a town court is not a court of record. Subdivision 4 again refers to the taking of deer out of season.
All of these provisions had their counterparts in the former Conservation Law, substantial portions of which were repealed by chapter 664 of the Laws of 1972 which created the ECL (see, e.g., former Conservation Law, §§ 162, ,386, 387, 1-0907). The ECL represented a recodification of the Fish and Game Law article of the Conservation Law which was enacted pursuant to chapter 630 of the Laws of 1955 and added interim amendments. In sum, similar language had prevailed in the applicable statutes for an extended period of time.
Prior to 1966 the local criminal courts at the town level had limited jurisdiction over misdemeanors. Control rested with sections 56, 56-a and 56-b of the former Code of Criminal Procedure. ¡Section 56-b dealt specifically with violations of the Fish and Game Law and was in tune with the Conservation Law excluding jurisdiction over charges of taking deer out of *218 season. Such offenses were euphemistically referred to as “ indictable misdemeanors ”.
In 1966 the Legislature enacted the Uniform Justice Court Act (ch. 898, eff. 'Sept. 1, 1967). Section 2001 thereof provided that a court of special sessions (i.e. a town court) should have original jurisdiction of all ¡misdemeanors and lesser offenses. Pursuant to chapter 681. of the Laws of 1967, sections ¡56, 56-a and 564b of the ¡Code of Criminal Procedure were repealed.
In 1970 the Code of Criminal Procedure was replaced by the Criminal Procedure Law (ch. 996) creating two classes of courts, “superior” courts and “local criminal courts”, the latter category including a town court. This law became effective on September 1, 1971. 'Section 10.30 of that law provides for trial jurisdiction in local criminal courts over all offenses other than felonies. At the 1971 legislative session, section 2001 of the UJCA was repealed (eh. 1097) and rewritten to provide that ‘ ‘ the court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.”
The inconsistency of the ECL and these other laws is patent. One is confronted with the issue of a general law impliedly repealing a specific law as in the cases of the UJCA and the CPL post-dating the Conservation Law, to be followed by a specific law impliedly repealing a general law as is the case of subsequent passage of the ECL.
It is a settled rule that a general .statute will not repeal a more specific one unless there is a patent inconsistency and the two cannot stand together, so that the Legislature is clearly shown to have intended such a result (Cimo v. State of New York, 306 N. Y. 143). i Likewise, unless there is clear evidence of a legislative .design to repeal or modify an earlier piece of legislation, full effect must be given to both an earlier and a later statute, if possible (People v. Newman, 32 N Y 2d 379). But it has likewise been held under the rules of statutory construction that where irreconcilable conflict exists so that a later enactment impliedly repeals prior legislative provisions, the last expression of legislative will is controlling (Abate v. Mundt, 25 N Y 2d 309; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 398).
The issue of jurisdiction under the Conservation Law was decided in People v. Mann, (31 N Y 2d 253), which involved the illegal taking of deer. The case arose in 1969 and .the defendant was convicted in a town court. On appeal he challenged the jurisdiction of the local court, relying on the provisions of *219 sections 386 and 387 of the Conservation Law to the extent those sections purported to limit jurisdiction of the court.
The position of the prosecution was that the Uniform Justice Court Act had impliedly repealed the limiting provisions of the Conservation Law because jurisdiction over all misdemeanors had been given to town courts (UJCA, § 2001).
After considering the conflicting statutes, the Court of Appeals held that the legislative intent was that the UJCA should repeal the Conservation Law provisions to the extent they were inconsistent. The later enacted statute was thus controlling.
Logically, then, it would seem that, the UJCA and the CPL, having antedated the ECL, the provisions of the latter should now prevail based upon the same principles enunciated in Mann. An even stronger case might be argued since the ECL contains the specific provisions as opposed to the general provisions of the CPL.
'Such is not the case here. The ECL, with respect to the Fish and Wildlife Law, is substantially a re-enactment of the Conservation Law. It is therefore to be construed as simply a continuation of prior provisions and not as a new enactment (McKinney’s Cons. Laws of N. Y., Book 1, 'Statutes, § 373). To the same effect is section 95 of the General Construction Law.
Where there is a re-enactment of a statute in language substantially similar to that embodied in predecessor statutes, its provisions do not prevail over inconsistent general statutes merely because of the later re-enactment (People v. Messinger, 43 AD 2d 15).
Therefore, inasmuch as the Court of Appeals has held in People v. Mann (31 N Y 2d 253, supra) that the provisions of the UJCA (and perforce the CPL) are controlling over inconsistent provisions of the former Conservation Law, that holding is likewise binding in the case of statutory re-enactment in the form of the ECL.
It might also be pointed out that chapter 664 of the Laws of 1972, creating the ECL, was approved on May 31,1972, effective September 1, 1972. The Court of Appeals decided People v. Mann (supra) on September 28, 1972. Although not germane to the case for determination, the court was presumably aware of the ECL.
It is the holding here that a town court has jurisdiction over the offense for which the defendants were convicted and, in fact, has jurisdiction over all- misdemeanors and lesser violations of the Fish and Wildlife Law embodied in the ECL.
*220 The second jurisdictional basis for this appeal is that when defendants were arrested they were not taken before a local criminal court in the Town of Orange but taken first to the Town of Dix.
Subdivision 1 of CPL 140.20 provides that when a person is arrested without a warrant for an offense other than a felony, a police officer must bring him to the particular local criminal court designated in CPL 100.55.[2] The two sections must therefore be read together.
CPL 100.55 specifies in what local criminal courts accusatory instruments may be filed. Subdivision 4 provides that such an instrument charging a nonfelonious offense may be filed with a town court of a particular town when the offense charged was allegedly committed in that town, other than in a village thereof. Subdivision 8 provides that where it is expressly provided by law that an accusatory instrument may be filed in a different local criminal court nothing contained in CPL 100.55 precludes the filing.
This takes us back to subdivision 1 of section 71-0513 of the ECL where it is provided “ that an action before a town court shall be brought in the town in which the offense was committed or an adjoining town ”.
It follows that the exception in subdivision 2 of section 71-0513 of the ECL having been found repugnant to the UJCA and the CPL and without force, subdivision 1 can now be read compatibly with CPL 100.55. The Town of Dix, adjoining the Town of Orange was a proper town in which to file the subject information.
Under the authority of CPL 140.20 and CPL 100.55, as applied to this case, the arguments raised concerning whether or not the defendants were arraigned before the nearest court to point of arrest are irrelevant and cases on the issue under the former Code of Criminal Procedure are not applicable (see e.g., People v. Schur, 14 Misc 2d 944; People v. Berzal, 26 Misc 2d 454; People v. Schoonmaker, 65 Misc 2d 393).[3]
Defendants raise, as a further basis for error, that the arraignments were conducted prior to any information being *221 presented to the court and that they were not given a copy of the accusatory instrument until after sentence (CPL 170.10, stibd. 2). The return of the town court Justice shows otherwise. A local criminal court return is conclusive as to all controverted matters unless attacked prior to submission of the appeal (People v. Mason, 307 N. Y. 570).
Lastly, the defendants seek relief on the grounds that the sentences were excessive (CPL 450.30, subd. 1). The matter of sentence is within the sound discretion of the trial court and should not be altered unless found to be an abuse of discretion (People v. Junco, 43 A D 2d 266).
The court finds that the trial court did abuse its discretion and that the sentences, though legal, were unduly harsh and severe (CPL 470.15). The fines were the maximum permitted. Nothing in the record indicates any prior criminal violations on the part of either defendant and there was no probation report ordered prior to sentence imposition to disclose otherwise. In the court’s discretion, they should be modified.
The judgment in each case should be modified to impose a sentence of a $500 fine and, as so modified, affirmed. It is directed that the excess fine money be remitted to the defendants.

. Reference to these nonexistent courts was an apparent legislative oversight. Chapter 1097 of. the Laws of-1971 made conforming and harmonizing amendments to corresponding provisions of the Criminal Procedure Law. Subdivision (1) of section 162 of the ■ Conservation Law was amended to cite the Criminal Procedure Law. Subdivision (2), referring to courts of special sessions and police courts, was left standing. The subsequent ECL compounded the error by retaining the reference.

, An officer of the Department of Environmental Conservation is a police officer (CPL 1.20, subd. 34, par. [j]).

. In the factual part of his brief the District Attorney alleges facts not in the record stating that the police officer attempted to locate a Town Justice in the Town of Orange and what those actions were. This is improper. Matters contained in a brief, not part of the record on appeal, will not be considered by an appellate court (People v. Barrett, 33 A D 2d 633; People v. Mann, 42 A D 2d 587).