■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED DAILEY, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered December 14, 1973, which revoked defendant's conditional discharge imposed upon his plea of guilty to the crime of driving while intoxicated as a felony, and sentenced him to an indeterminate term of imprisonment not to exceed four years. On January 31, 1972, defendant pleaded guilty to the crime of driving while intoxicated as a felony (Vehicle and Traffic Law, § 1192) in full satisfaction of an indictment which also charged him with driving a motor vehicle without a license. At that time, defendant appeared in Chemung County Court with his counsel who advised the court that the defendant desired to change his plea from not guilty to guilty. The court then informed the defendant that the felony of driving a motor vehicle while in an intoxicated condition carried " a maximum sentence of up to two years in jail and $1,000 fine." The defendant then pleaded guilty and on March 7, 1972 was given a three-year conditional discharge, one condition being that he not drive an automobile and another that he not consume alcoholic beverages and become intoxicated. On December 10, 1973, after a hearing, the County Court found that he had violated the above-stated conditions. Thereupon, defendant was sentenced to a four-year term at the Attica Correctional Facility. Defendant contends that the sentence was invalid in that it was imposed pursuant to subdivision 2 of section 70.00 of the Penal Law which authorizes a maximum term of four years in prison rather than subdivision 5 of section 1192 of the Vehicle and Traffic Law which permits only a maximum term of two years imprisonment. In view of our decision in *People* v. *Messinger* (43 A D 2d 15) this contention must be rejected. However, defendant also contends that it was unjust for the court to impose a four-year sentence in light of the advice given him by the trial court prior to his change of plea that the maximum jail term was two years. In our opinion, this question requires a hearing to determine whether or not the defendant was induced to plead guilty by a representation that the maximum sentence punishable for the crime of driving while intoxicated, as a felony, was two years imprisonment. If it is determined at the hearing that defendant's guilty plea was entered as a result of his belief that the maximum imprisonment he would face would be two years, the trial court must impose a sentence of imprisonment not to exceed two years. Determination withheld and case remitted to the County Court, Chemung County, for a hearing in accordance with this memorandum. Staley, Jr., J. P., Sweeney, Main and Reynolds, JJ.,

concur; Greenblott, J., concurs in part and dissents in part in the following memorandum. Greenblott, J. (concurring in part and dissenting in part). I concur in the result reached by the court that the matter must be remitted to the County Court of Chemung County for a hearing based on the second contention of the defendant to the effect that the defendant was induced to plead guilty by an alleged representation by the trial court that the maximum sentence which could be imposed was two years. However, I adhere to my dissent in *People* v. *Messinger* (43 A D 2d 15) and must, therefore, dissent from that portion of the court's determination rejecting defendant's contention that the maximum permissible sentence should have been two years pursuant to subdivision 5 of section 1192 of the Vehicle and Traffic Law.