■ In the Matter of PETER JOHN "DD", Alleged to be a Permanently Neglected Child. EILEEN "DD", Appellant; ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Order, Family Court, St. Lawrence County (Follett, J.), entered on September 14, 1971, affirmed, without costs. No opinion. Greenblott, Main, Larkin and Reynolds, JJ., concur; Herlihy, P. J., concurs in the following memorandum in which Greenblott and Main, JJ., concur. Herlihy, P. J. (concurring). The facts in this proceeding justify resort to the use of section 611 of the Family Court Act, however, I would caution that the section itself is extremely harsh and seems contrary to human instincts and should only be implemented under the most stringent circumstances.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DAILEY, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered December 14, 1973, which revoked defendant's conditional discharge imposed upon his plea of guilty to the crime of driving while intoxicated as a felony, and sentenced him to an indeterminate term of imprisonment not to exceed four years. This appeal was previously before this court and the pertinent facts are set forth in our opinion (45 AD2d 910) wherein we upheld the validity of the sentence imposed upon defendant, pursuant to subdivision 2 of section 70.00 of the Penal Law, on the authority of *People v Messinger* (43 AD2d 15, affd 35 NY2d 987). At that time we withheld a final determination of the appeal, however, and remitted the case to Chemung County Court for a hearing solely to determine whether or not defendant was induced to plead guilty by a representation of the trial court that he would be subject to a maximum sentence of two years imprisonment. Pursuant to our direction, a hearing was conducted and the record thereof indicates that, at the time of his guilty plea, defendant had advised the court of his desire to enter his plea without knowledge as to what his maximum sentence could be. Furthermore, at no time at the hearing did defendant indicate that he would not have pleaded guilty if he had known that he could receive a maximum term of four years. On such a record as this, we must affirm the determination of the trial court that defendant was not induced to plead guilty by the court's representation as to his maximum possible term. Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.