■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN HICKS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 17, 1975, convicting her of operating a motor vehicle while under the influence of alcohol, as a felony, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, and of operating a motor vehicle while impaired by the consumption of alcohol, in violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, upon a jury verdict, and sentencing her on the first charge to a five-year period of probation, a fine of $250 or 60 days in jail, and revocation of her license, and, on the second charge, to an unconditional discharge. Judgment modified, on the law, by vacating the sentence imposed upon the conviction for operating a motor vehicle while under the influence of alcohol, as a felony, and case remanded to the County Court for resentencing upon the aforesaid conviction in accordance herewith and for further proceedings in accordance with CPL 460.50 (subd 5). As so modified, judgment affirmed. The facts have been considered and are determined to have been established. A proper sentence upon a conviction for operating a motor vehicle while under the influence of alcohol, as a felony, must be imposed under sections 55.10, 60.01 and 70.00 of the Penal Law and not under the Vehicle and Traffic Law (see *People v Messinger,* 35 NY2d 987, affg 43 AD2d 15). Thus, the sentence imposed upon that conviction herein, which included a fine and probation, was invalid as a matter of law. We find no fault with the revocation of defendant's driver's license (see Penal Law, § 60.30). Further, the sentence of an unconditional discharge imposed on the second charge, was proper. Latham, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN HOWARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 11, 1973, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the facts, by reversing the conviction of robbery in the third degree and the sentence thereon and the said count is dismissed. As so modified, judgment affirmed. Under the facts of this case, the guilt of the defendant on the robbery charge was not established beyond a reasonable doubt. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.