■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL MINER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 2, 1975, convicting her of criminal possession of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. This appeal brings up for review a decision of the same court, made June 12, 1975, which, after a hearing, denied defendant's motion to suppress physical evidence. Judgment affirmed. No opinion. Cohalan, Margett and Damiani, JJ., concur; Hawkins, J., dissents and votes to reverse the judgment, grant the motion and dismiss the indictment, with the following memorandum, in which Martuscello, Acting P. J., concurs: In my opinion, the search of defendant's handbag was not conducted incident to a lawful arrest, as there was then extant no probable cause to connect her with the theft of a fur shop some two weeks earlier. The recurrent pattern of conduct upon which the police relied was equivocal at best, and was not supplemented by any additional behavior raising "the level of inference from [one of] suspicion to probable cause" (see *People v Corrado,* 22 NY2d 308, 313). Accordingly, the motion to suppress physical evidence should have been granted in all respects (see *People v Russell,* 34 NY2d 261; *People v Brown,* 24 NY2d 421).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD I. MURPH, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 2, 1975, convicting him of operating a motor vehicle under the influence of alcohol, as a felony (two counts), and imposing sentence. Judgment modified as to the sentence, on the law, by vacating the fine and the alternative jail sentence imposed under the first count of the indictment. As so modified, judgment affirmed. A proper sentence upon conviction of operating a motor vehicle under the influence of alcohol is one which complies with the penalty provisions of the Penal Law (see Penal Law, § 55.00; *People v Messinger,* 35 NY2d 987, affg 43 AD2d 15; *People v Hicks,* 51 AD2d 751). Section 80.00 of the Penal Law does not authorize the imposition of a fine under the facts of the instant case. The other arguments raised by the defendant have been considered and found to be without merit. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. PATTI, Appellant.—Judgment of the County Court, Nassau County, rendered July 9, 1975, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.