Hon. Eugene G. Piddock Town Justice, Henderson
This is in response to your letter wherein you ask whether your Court has subject matter jurisdiction when an officer issues an appearance ticket requiring a person to make a future appearance in your Court to answer for an alleged offense that occurred in an adjoining town. You specifically inquire about trial jurisdiction with respect to alleged violations of the Fish and Wildlife Law, Navigation Law, Parks and Recreation Law and Environmental Conservation Law.
The Court of Appeals concisely summed up the criminal jurisdiction of justice courts in People v Hickey, 40 N.Y.2d 761, 762 (1976):
 "The jurisdiction of the Justice Courts over criminal matters is regulated by the Criminal Procedure Law. (UJCA, § 2001.) The Justice Courts are local criminal courts (CPL 10.10) and, as such, possess trial jurisdiction of all offenses other than felonies and preliminary jurisdiction over all offenses, subject to divestiture by a superior court (CPL 10.30). While preliminary jurisdiction is independent of trial jurisdiction, even preliminary jurisdiction does not exist unless a criminal action may be commenced within the court with respect to the offense. (CPL 1.20, subd 25.) The commencement of a criminal action requires that the criminal conduct bear a necessary nexus to the geographical jurisdiction of the court wherein the action is commenced. (CPL 20.40, 20.50.)" (Emphasis supplied.)
Where an appearance ticket is issued, it "must be made returnable in a local criminal court designated in section 100.55 as one with which an information for the offense in question may be filed." The Practice Commentary on CPL 100.55 states that said section "establishes a comprehensive scheme providing simple formulae for determining what particular local criminal court is the proper tribunal for commencement of an action in any particular case." (McKinney's Cons Laws of NY, Book 11A, Criminal Procedure Law, p 416.)
Insofar as CPL 100.55 is relevant to your inquiry, it provides:
 "4. An information, a simplified information, a prosecutor's information or a misdemeanor complaint may be filed with a town court of a particular town when an offense charged therein was allegedly committed anywhere in such town other than in a village thereof having a village court.
* * *
 "8. Where it is otherwise expressly provided by law that a particular kind of accusatory instrument may under given circumstances be filed with a local criminal court other than one authorized by this section, nothing contained in this section precludes the filing of such accusatory instrument accordingly.
 "9. In any case where each of two or more local criminal courts is authorized as a proper court with which to file an accusatory instrument, such an instrument may, in the absence of an express provision of law to the contrary, be filed with any one of such courts but not with more than one.
 "10. For purposes of this section, an offense is `committed in' a particular county, city, town, village or other specified political subdivision or area, not only when it is in fact committed therein but also when it is, for other reasons specified in sections 20.40 and 20.50, prosecutable in the criminal courts having geographical jurisdiction over such political subdivision or area." (Emphasis supplied.)
Note the reference to CPL 20.50 subdivision (2) of which provides:
 "2. Where an offense prosecutable in a local criminal court is committed in a city other than New York City, or in a town or village, but within one hundred yards of any other such political subdivision, it may be prosecuted in either such political subdivision." (Emphasis supplied.)
In Richard Denzer's Practice Commentary on CPL 20.50, it is stated that "[u]pon the premise that the inter-county and intra-county problems are of a similar nature, subdivision 1 makes the principles of the preceding section governing jurisdiction as between counties, applicable to local (city-town-village) jurisdictional problems in so far as such application is possible or appropriate." (McKinney's Cons Laws of NY, Book 11 A, Criminal Procedure Law, p. 65.) The preceding section, CPL20.40, makes reference to bodies of water (about which you inquire) in subdivision (4)(h):
 "(h) An offense committed on board a vessel navigating or lying in any river canal or lake flowing through or situated within this state, may be prosecuted in any county bordering upon such body of water, or in which it is located, or through which it passes; and if such offense was committed upon a vessel operating as a common carrier, it may be prosecuted in any county bordering upon any body of water upon which such vessel navigated or passed during the particular trip." (Emphasis supplied.)
The foregoing cited statutes comprise the general rules governing the criminal jurisdiction of your Court, and apply in all cases, unless specifically modified or superseded by other law. Of the various chapters about which you inquire, the only exception to the general rules seems to be section 71-0513 of the Environmental Conservation Law, which provides that in a criminal case brought in a town court pursuant to said chapter, it shall be prosecuted in the town in which the offense was committed or an adjoining town. See People v Heath,77 Misc.2d 215 (Schuyler County Court, 1974), a copy of which is enclosed for your convenience.
It is axiomatic that your Court, of limited jurisdiction, has only the subject matter jurisdiction lawfully granted to it. In any specific instance, you are entitled to ask the prosecutor for a statutory citation supporting the alleged jurisdiction, or to ask the defendant to demonstrate the lack of alleged jurisdiction.
From all of the foregoing, it is our opinion that the general rules of criminal subject matter jurisdiction apply to alleged violations of the Parks and Recreation Law, Navigation Law and Environmental Conservation Law heard in the Justice Court of the Town of Henderson, except that the Court may try an alleged violation of the Environmental Conservation Law occurring in an adjoining town, pursuant to section 71-0513 of said law.