■ In the Matter of SEITH SS et al., Alleged to be Permanently Neglected Children. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES SS et al., Appellants.—Appeals from orders of the Family Court of Franklin County, entered January 30, 1978, which adjudged that each of appellants' seven children was permanently neglected, permanently terminated appellants' parental rights and awarded custody of the children to the Franklin County Department of Social Services. By petitions filed with the Family Court of Franklin County on September 21, 1977, respondent Franklin County Department of Social Services (hereinafter Department) moved, pursuant to part 1 of article 6 of the Family Court Act (§§ 611-634, inclusive), to permanently terminate appellants' parental rights with regard to their seven children upon the ground that the children were permanently neglected (see Family Ct Act, § 611; Social Services Law, § 384-b, subd 7). The children involved include Rose, born January 7, 1963, who entered foster care on March 12, 1975, after her father was discovered to have had sexual relations with her; Warren, born March 8, 1964, who entered foster care for unspecified reasons on March 15, 1967, and James, born December 31, 1965; Peter, born February 27, 1967; Belinda, born April 13, 1969; Paul, born December 14, 1970, and Seith born May 17, 1973, all of whom entered foster care on July 15, 1975 pursuant to a neglect petition charging their mother with failing to provide them with adequate food, shelter and clothing and with having sexual relations with a 15-year-old boy. On this latter date, the appellant father was incarcerated as a result of a prior incest conviction involving Rose. Following a hearing, the Family Court issued orders of disposition adjudging each of the children to be permanently neglected, permanently terminating appellants' parental rights and awarding custody of the children to respondent Department. The present appeals followed. Initially, we find without merit appellants' contention that the Department failed to sustain its burden of proof pursuant to

article 6 of the Family Court Act. That the Department made diligent efforts to encourage and strengthen the parental relationship in this instance (see Family Ct Act, § 614, subd 1, par [c]) is amply supported by evidence in the record, but appellants failed to co-operate with these efforts. Following the release of appellant father from the Franklin County Jail in 1976, the Department scheduled four meetings with appellants for the purpose of planning for their children, and appellants missed three of the meetings and then moved to the Schenectady area where, according to a report from the Schenectady County Department of Social Services, they exhibited an unwillingness to change their life style in order to get their children back. These factors, together with the fact that appellants have divorced and not remarried, also demonstrate appellants' failure to plan for the future of their children (see Family Ct Act, § 614, subd 1, par [d]). Such being the case, we now turn to the question of what the best interests of the children require (see Family Ct Act, § 614, subd 1, par [e]) and conclude that the Family Court properly terminated appellants' parental rights. In addition to appellants' past problems and their failure to co-operate with the Department and plan for their children's future, it is significant that the children have been separated from appellants for a prolonged period of time and that they are apparently progressing satisfactorily in foster care. Moreover, it is likewise notable that the Family Court personally interviewed the children so as to be more thoroughly informed as to their various situations. Under these circumstances, the findings of the court, which must be accorded the greatest respect (*Matter of Irene O.,* 38 NY2d 776; *Matter of Judy V.,* 60 AD2d 719), should not be disturbed. Appellants' remaining contentions are similarly without merit. Although it was unsigned and unsworn, the photocopy of a house investigation report on appellants from the Schenectady County Department of Social Services was properly received into evidence as a record kept in the regular course of business (CPLR 4518), and appellants cannot seriously argue otherwise, particularly in view of their introduction into evidence of a second report from Schenectady County. As for the reception of evidence on appellants' past history, this was necessary so that the court would be adequately informed and able to rule intelligently upon respondent's petitions. Orders affirmed, without costs. Greenblott, Kane and Main, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). The testimonial inadequacies of the record below are such that we cannot conclude whether (1) petitioner sustained its burden, as required by article 6 of the Family Court Act, to make diligent efforts to encourage and strengthen the family relationship (Family Ct Act, § 614, subd 1, par [c]), or, (2) the parents failed for a period of more than one year following the date the children came under the care of petitioner to substantially and continuously or repeatedly maintain contact with or plan for the future of the children (Family Ct Act, § 614, subd 1, par [d]; Social Services Law, § 384-b, subd 7, par [a]) or (3) that termination of parental rights is in the best interests of the children (Family Ct Act, § 614). With respect to petitioner's statutory burden to help the family function as a unit, the record is barren of any evidence as to how the Department of Social Services worked with the appellants to help them become adequate parents. Such efforts by petitioner can only be excused when there is proof that to do so would be contrary to the best interests of the children (Family Ct Act, § 614, subd 1, par [c]; *Matter of Ray A. M.,* 37 NY2d 619). The only proof alleged by petitioner was that the appellant parents failed to keep three appointments with petitioner's staff personnel,

that appellants were unwilling to utilize community resources and they failed to adequately plan for their children's future. These allegations and proof offered in support thereof are essentially negative and, while it might be construed as characterizing appellants' behavior, it is probatively valueless as support for petitioner's affirmative obligation and duty to make "diligent efforts to encourage and strengthen the parental relationship" (Family Ct Act, § 614, subd 1, par [c]). Next, the record is deficient in proving that the appellant parents failed to maintain contact with or plan for the future of the children for a period of one year following the date the children came into petitioner's custody. This petition was brought on two years and two months after the date of the commitment of the children, yet petitioner's witness, caseworker Collins, admitted that the mother was very co-operative with the agency during the first year of this period while the father was incarcerated, and that she continued to meet with the children. Next, it was conceded that during this one-year period the mother sent presents and birthday cards to the children as well as letters with self-addressed stamped envelopes for replies. Further, the record reveals that when the family moved to Schenectady to provide a new home for the children away from Franklin County they were willing and, in fact, did move from their first apartment to a larger and better accommodation at the suggestion of that county's Department of Social Services. Therefore, since the standards to evaluate the adequacy of parents' plans should not be set unrealistically high (*Matter of Orlando F.,* 40 NY2d 103, 111), and the substantiality of a plan for a particular parent must be evidenced by performing some act to advance its accomplishment (*Matter of Orlando F., supra),* we cannot say that the statutory requirement of parental failure to maintain contact with or plan for the children to justify termination of parental custodial rights has been met (Family Ct Act, § 614, subd 1, par [d]). Lastly, but more importantly, the record is inadequate as to what placement would satisfy the best interests of the children. With the exception of a psychiatric evaluation of the oldest child, Rose, whose placement is not at issue here, there is no psychological evaluation of the other six children or of either parent. There is no direct evidence of the present mental or emotional state of any of Rose's siblings or her parents, nor did the Law Guardian submit a report. Termination of parental custody is an extremely harsh remedy and should be withheld unless the most stringent circumstances compel it (*Matter of Peter John DD,* 48 AD2d 956). Inherent in a conclusion that parents have permanently neglected their children is a finding that such parents are inadequate parental custodians because they are lacking in capacity and maturation. Such a finding, however correct it may ultimately turn out to be, should not be premised upon lay, nonprofessional opinions or upon data unprofessionally analyzed (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 551). The matter should be remitted to Family Court for further examination into the qualifications of the appellant parents and of the present needs of the children. The orders should be reversed, and the matter remitted to Family Court for further proceedings not inconsistent herewith.