■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL JAMES, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered July 10, 1978, convicting defendant upon his plea of guilty of the crime of absconding from temporary release in the first degree. The defendant contends that his plea of guilty was coerced as a matter of law. The record discloses that on June 22, 1978, the defendant and his counsel appeared before the court and following motions directed to the jurisdiction of the court and/or the constitutionality of section 205.17 of the Penal Law and other motions dealing with evidentiary matters, the following colloquy occurred: "BY THE COURT: All right. All trials are a search for the truth and nothing is going to be held from you. I believe the District Attorney

expressed before what he would do in this case should the defendant wish to enter a plea in this case. If he wants to have a trial we can go through a trial, but I would impose a concurrent sentence as has been the policy in these cases. If Mr. James wishes to have a trial and he's found guilty then there would be a consecutive sentence. BY MR. RUSSELL: I've been informed if he has a concurrent sentence he'll be eligible for parole almost immediately. BY THE COURT: That's up to him. * * * BY THE COURT: Very well. Okay. Mr. James, as I understand it you wish to change your plea from not guilty to guilty of this Indictment, is that correct? BY THE DEFENDANT: Yes. * * * BY MR. RUSSELL: Yes, Your Honor. We've negotiated that the defendant would receive a sentence of one and a half to three years, to run concurrently with his present sentence. * * * BY THE DEFENDANT: Well, based on what my lawyer has informed me with respect to possible sentence I do accept the plea." (Note: Mr. Russell represented the office of District Attorney.) There is not and cannot be any fair system of justice which would permit the presiding Judge or Justice to predetermine the discretionary sentence that would be imposed if an accused person exercises his right to trial and is found guilty (cf. *People v Davis,* 54 AD2d 913). While it may be that the Trial Judge in this case made an inadvertent and unintended statement of his posttrial intentions, the interests of justice require that the sentence be vacated and the matter be remitted with directions to permit the defendant to withdraw his plea of guilty if he should be so advised (cf. *People v Dailey,* 48 AD2d 956). The defendant further contends that section 205.17 of the Penal Law is unconstitutional because it differentiates between escape from the custody of State prisons and escape from other institutions, and also that the punishment is excessive—"cruel and unusual". We find no merit to that attack on the constitutionality of this statute *(People v Scannelli,* 49 AD2d 648). The remaining contention of the defendant that the *prior* sentence from which he absconded has been improperly calculated as to its expiration date is not properly before the court upon this appeal and is not considered. Judgment reversed, in the interest of justice, and matter remitted for further proceedings not inconsistent herewith before a Judge to be assigned by the Administrative Judge of the Fourth Judicial District. Mahoney, P. J., Greenblott, Kane, Mikoll and Herlihy, JJ., concur.