■ The People of the State of New York, Respondent, v Nelson Zuniga, Appellant. [838 NYS2d 445]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered August 16, 2005, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is

remitted to the County Court, Nassau County, for resentencing before a different judge.

Contrary to the defendant's contention, the court, after a hearing, properly disqualified the defense counsel on the basis of a conflict of interest involving a prosecution witness (*see People v Hall*, 46 NY2d 873, 874 [1979], *cert denied* 444 US 848 [1979]; *People v King*, 248 AD2d 639, 640 [1998]). Moreover, the trial court did not improvidently exercise its discretion in admitting into evidence certain photographs of the murder victim's body (*see People v Bell*, 63 NY2d 796 [1984]; *People v Daniels*, 35 AD3d 495 [2006]).

Contrary to the People's contention, however, it was improper for the court, upon the defendant's decision to reject a plea offer, to state that it would impose consecutive terms of imprisonment if the defendant were convicted of all charges after a trial. "There is not and cannot be any fair system of justice which would permit the [P]residing Judge or Justice to predetermine the discretionary sentence that would be imposed if an accused person exercises his right to trial and is found guilty" (*People v James*, 70 AD2d 706, 707 [1979]). Hence, the interest of justice requires, under the circumstances presented, that the sentences be vacated and the matter be remitted to a different judge of the County Court, Nassau County, for resentencing.

In light of our determination, we do not reach the defendant's remaining contention regarding the excessiveness of the consecutive sentences imposed. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.