■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PORTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered October 22, 1984, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People established the defendant's constructive possession of the weapon, which was both " 'within [his] immediate control and reach' " and was " 'available for unlawful use if he so desire[d]' " *(People v Lemmons,* 40 NY2d 505, 509-510, quoting *People v Persce,* 204 NY 397, 402; *see,* Penal Law § 10.00 [8]; *People v Hicks,* 138 AD2d 519; *People v Ogelsby,* 128 AD2d 556, *lv denied* 69 NY2d 1007). Moreover, proof of the intent to use the loaded firearm unlawfully against another (Penal Law § 265.03) was provided by the statutory presumption (Penal Law § 265.15 [4]), which the jury was warranted in accepting under the circumstances of the case *(see, People v Taylor,* 121 AD2d 581, *lv denied* 68 NY2d 817; *People v Evans,* 106 AD2d 527).

We reject the defendant's claim that the trial court's erroneous ruling precluding his codefendant from establishing the complainant's bias, hostility or motive to lie unduly prejudiced him, for the evidence at issue tended to establish the witness's motive to falsely implicate his codefendant alone of the robbery, of which the defendant was acquitted *(see, People v Ellis,* 126 AD2d 663, *lv granted* 69 NY2d 949, *appeal dismissed* 71 NY2d 1012).

Finally, we perceive of no basis upon which to modify the sentence *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.