■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOPPER, Appellant. [717 NYS2d 123] —Judgment, Supreme

Court, Bronx County (David Stadtmauer, J.), rendered October 27, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 2½ to 5 years, unanimously affirmed.

While we are perturbed by the prosecutor's comment on defendant's failure to prove certain matters mentioned in defense counsel's opening statement, which had been stricken, the comment does not warrant reversal in light of the court's instructions on the burden of proof, which instructions the jury is presumed to have followed (*see, People v D'Alessandro,* 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884; *compare, People v Brown,* 91 AD2d 639). Defendant's remaining challenge to the prosecutor's summation is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor's brief and isolated "safe streets" argument was not inflammatory and did not deprive defendant of a fair trial.

The court's statement at sentencing that defendant's act of pointing or waving his weapon at another person was an aggravating factor did not constitute consideration of a count upon which defendant was acquitted. Although defendant was acquitted of criminal possession of a weapon in the second degree, which requires intent to use the weapon unlawfully against another person, the verdict does not necessarily imply that defendant never pointed or waved his weapon at the complainant. The court stated that it interpreted the verdict as implying an absence of unlawful intent, but that defendant's conduct, even if committed with a different mental state, was still an aggravating factor.

The record fails to support defendant's claim that the sentence was based on misinformation. Defendant's claim rests on a statement by the court during a bail application at the end of trial. However, at sentencing, the court had before it a complete probation report containing the correct information.

We perceive no basis for reduction of sentence. Concur— Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.