■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN SILVA, Appellant. [760 NYS2d 876] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered November 4, 1999, convicting him of robbery in the first degree, petit larceny, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contentions as to the legal sufficiency of the evidence of his guilt of the crimes of robbery in the first degree and criminal possession of a weapon in the fourth degree (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of those crimes beyond a reasonable doubt. Minor discrepancies between the testimony of witnesses is not sufficient to show that a witness's testimony was incredible as a matter of law (*see People v Di Girolamo,* 108 AD2d 755 [1985]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Since the convictions were based on legally sufficient trial evidence, the denial of the defendant's motion to dismiss the indictment based on the alleged insufficiency of the grand jury evidence is not reviewable on appeal (*see People v Oliver,* 283 AD2d 659, 660 [2001]; *People v Wadsworth,* 253 AD2d 899 [1998]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review because the remarks were not objected to at trial (*see People v Hilliard,* 279 AD2d 590 [2001]; *People v Hermonstyne,* 273 AD2d 408 [2000]). In any event, the remarks constituted fair comment on the evidence and were responsive to the arguments and issues raised by the defense (*see People v Scoon,* 303 AD2d 525 [ 2003]; *People v Ashwal,* 39 NY2d 105 [1976]; *People v Small,* 286 AD2d 513, 514 [2001]).

The defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.