■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. [792 NYS2d 155]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 28, 2003, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the fourth degree beyond a reasonable doubt (*see People v Lambert,* 272 AD2d 413 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant possessed a broken bottle with an intent to use it unlawfully against another (*see People v Sullivan,* 300 AD2d 689, 691 [2002]). Although the jury found that the defendant was justified in striking the victim with the bottle, that conclusion did not mandate a finding that the defendant lacked the intent to use the bottle unlawfully at a time when it was not needed to defend himself (*see People v Pons,* 68 NY2d 264, 267 [1986]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Silva,* 306 AD2d 424 [2003]). Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.