[850 NE2d 666, 817 NYS2d 619]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO LEON, Appellant.

Argued May 4, 2006; decided June 8, 2006

## POINTS OF COUNSEL

*Appellate Advocates,* New York City (*Sarah J. Berger* and *Lynn W.L. Fahey* of counsel), for appellant. The trial court failed to exercise its discretion, or abused its discretion as a matter of law, when it refused to submit the noninclusory concurrent count of criminal possession of a weapon in the third degree to the jury based solely on its erroneous conclusion that there was no reasonable view of the evidence that appellant possessed the gun outside his home but lacked the intent to use it unlawfully against another. (*People v Butler,* 84 NY2d 627; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Okafore,* 72 NY2d 81; *People v Rodriguez,* 113 AD2d 337, 68 NY2d 674; *People v Weithers,* 123 AD2d 456; *People v Pons,* 68 NY2d 264; *People v Almodovar,* 62 NY2d 126; *People v Evans,* 106 AD2d 527; *People v McIlwain,* 204 AD2d 491.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Howard B. Goodman* and *Leonard Joblove* of counsel), for respondent. The trial court was not required to submit the noninclusory concurrent count of criminal possession of a weapon in the third degree, because the People consented that it not be submitted.

In any event, the trial court did not abuse its discretion as a matter of law by declining to submit that count. (*People v Paige,* 120 AD2d 808; *People v Davis,* 165 AD2d 610; *People v Okafore,* 72 NY2d 81; *People v Totten,* 161 AD2d 678; *People v Glover,* 57 NY2d 61; *People v Di Falco,* 44 NY2d 482; *People v Colon,* 86 NY2d 861; *People v Mattiace,* 77 NY2d 269; *People v Jenkins,* 50 NY2d 981; *People v Walker,* 83 NY2d 455.)

## OPINION OF THE COURT

R.S. SMITH, J.

Defendant was convicted of criminal possession of a weapon in the second degree, after the trial court rejected his request to submit to the jury a less serious charge based on the same facts. We reject the People's contention that CPL 300.40 (6) bars any challenge to the court's ruling. We affirm defendant's conviction, however, because the ruling was a proper exercise of the trial court's discretion.

### Facts and Procedural History

Defendant, a drug dealer, was involved in a dispute with another drug dealer, Hattie Dukes. On the day in question, Dukes visited defendant at his apartment, displayed a gun and threatened him. Defendant reported this incident to his girlfriend, who confronted Dukes on the street near defendant's home later the same day. Hearing the sounds of the argument from his apartment, defendant got a gun from under his mattress, went to where Dukes and his girlfriend were quarreling, and killed Dukes by shooting her in the face. He testified that Dukes was holding a gun and was ready to shoot him, although no gun was found on her body.

The jury accepted defendant's claim of self-defense, and acquitted him of murder. It convicted him, however, of several other crimes, of which only one, criminal possession of a weapon in the second degree, is relevant here.

The People charged defendant with second-degree criminal possession on the theory that he possessed a loaded firearm "with intent to use the same unlawfully against another" (Penal Law § 265.03 [2]). The indictment also contained a charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), which is committed by possessing a loaded firearm anywhere except in one's home or place of business. At the charge conference, defendant asked the trial court to submit both the second- and third-degree counts to the jury, as alterna-

tives. The trial court rejected the request and submitted only the second-degree count, saying:

> "I can't see any reasonable view of the evidence that the defendant would be guilty of that [third-degree] charge as opposed to the criminal possession of a weapon in the second degree charge, since there would be no legal basis upon which the defendant would have a gun in his possession.

> "He testified already he's had it for a while, and there is just no basis to submit it. It was clearly outside of his home or place of business. He brought it with him to an argument, and the self-defense claim does not apply to the weapon count . . . ."

The Appellate Division affirmed defendant's conviction, saying that the trial court "providently exercised its discretion." (19 AD3d 509, 510 [2005].) Finding no abuse of discretion, we affirm.

## Discussion

The problem in this case exists because criminal possession of a weapon in the third degree is not a "lesser included offense" of criminal possession of a weapon in the second degree. Rather, the two are "non-inclusory concurrent counts" (*see* CPL 300.30 [3], [4]); it is possible to commit the greater offense without committing the lesser one. Second-degree criminal possession, in the form of possession of a loaded firearm with intent to use it unlawfully against another, can be committed anywhere, but possession of a loaded firearm constitutes the third-degree crime charged here only when it does not occur in the defendant's home or place of business. Thus, for example, a defendant who had a loaded gun in his own apartment and intended to use it unlawfully against another would be committing the second-degree but not the third-degree crime. In this case, defendant took the gun outdoors, but whether a crime is a lesser included offense turns not on the facts of a particular case but on "a comparative examination of the statutes defining the two crimes, in the abstract" (*People v Glover*, 57 NY2d 61, 64 [1982]).

■ If the crime defendant asked to have submitted to the jury had been a lesser included offense, the court would have been required to grant his request "if there [was] a reasonable view of the evidence which would support a finding that the de-

fendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see* CPL 300.50 [2]). But because the two offenses are noninclusory, the submission of the less serious count, even if there was evidence to support it, was not mandatory. Indeed, if the grand jury had not chosen to indict defendant for third-degree criminal possession, that charge could not have been submitted. But since the less serious charge was in the indictment, whether to submit it was a matter for the trial court's discretion under CPL 300.40 (3) and (4). "With respect to non-inclusory concurrent counts, the court may in its discretion submit one or more or all thereof" (CPL 300.40 [3] [a]).

These statutes imply that, in this case, the trial court's refusal to submit criminal possession of a weapon in the third degree to the jury is reviewable for abuse of discretion. The People argue, however, that it is not reviewable at all. Their argument is based on CPL 300.40 (6), which provides in relevant part:

"Notwithstanding any other provision of this section, the court is not required to submit any particular count to the jury when:

"(a) The People consent that it not be submitted . . . ."

The People read "is not required to submit" to mean "is always within its discretion in not submitting"—in other words, the People argue that a discretionary ruling in their favor cannot be challenged. We do not agree.

■ As we read section 300.40 (6), it applies to counts that other provisions of section 300.40 would *require* a court to submit. Several of those other provisions use the words "the court must submit." For example, under CPL 300.40 (2), "[i]f a multiple count indictment contains consecutive counts only, the court must submit every count thereof"; under CPL 300.40 (3) (b), "[w]ith respect to inclusory concurrent counts, the court must submit the greatest or inclusive count." The effect of CPL 300.40 (6) is to make these mandatory submissions discretionary. Thus, a trial court need not submit all consecutive counts, or the greatest of several inclusory concurrent counts, when the People consent to the nonsubmission. But the "is not required" language of CPL 300.40 (6) has no application to already discretionary rulings like the one at issue in this case.

We therefore reject the People's suggestion that the trial court's ruling is unreviewable here. However, the ruling survives review for abuse of discretion.

Defendant, in asking for the submission of the less serious charge, was obviously hoping that he could avoid conviction on

the more serious one; in other words, that a jury otherwise prepared to convict him for criminal possession of a weapon in the second degree might—perhaps in an exercise of mercy, or a compromise—return a third-degree conviction instead. But of course defendant was not entitled to a chance at jury nullification (*see People v Goetz*, 73 NY2d 751 [1988]). In exercising its discretion, the court had to weigh competing possibilities: Would the submission of the third-degree count help the jury arrive at a fair verdict, or would it simply provide a distraction or an opportunity to split the difference?

The trial court concluded, not unreasonably, that submission of the less serious charge would do more harm than good to the goal of a reasoned, fair adjudication. It was theoretically possible, on the evidence here, for the jury to find defendant not guilty of the second-degree crime (possession of a firearm with intent to use it unlawfully against another) and guilty only of third-degree possession. But the trial court could well have thought that the possibility defendant had no unlawful intention was farfetched. He was, as the court pointed out, a drug dealer bringing his gun to an argument with a person in the same line of work. The court did not abuse its discretion in deciding that, under the circumstances, the third-degree count would probably interfere with, rather than advance, the jury's performance of its duty.

It is true that the trial court's explanation of its ruling is confusing. The court discussed whether there was a "reasonable view of the evidence" that would support the third-degree possession count. Those words state the test for submission of a lesser included offense, not a noninclusory concurrent count (*see* CPL 300.50 [1]; *People v Green*, 56 NY2d 427, 430 [1982]). But, though the trial court expressed itself imperfectly, it clearly decided that submitting the charge of criminal possession of a weapon in the third degree to the jury would be unwise. In making that decision it properly exercised its discretion under CPL 300.40 (3).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed.