THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY PITTERSON, Appellant. [845 NYS2d 255]—

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered May 25, 2005, convicting defendant, after a jury trial, of assault in the first degree (two counts), attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second and third degrees, and sentenced him to an aggregate term of 20 years, unanimously affirmed.

The evidence established that defendant fired shots at the victim and wounded her in the hand, after which he chased her and deliberately struck her with his van, causing further injuries. With respect to the assault committed by means of the van, there were two first-degree assault counts: intentional (Penal Law § 120.10 [1]) and depraved indifference (Penal Law § 120.10 [3]). Without objection, the court submitted these counts in the conjunctive. Accordingly, defendant did not preserve his present argument that these counts were inconsistent and should have been submitted in the alternative (*see People v Carter*, 7 NY3d 875, 876 [2006]; *People v Moloi*, 135 AD2d 576, 577 [2d Dept 1987], *lv denied* 70 NY2d 1009 [1988]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the counts are not inconsistent, because they involve different results. Although "a defendant who acts with the conscious objective of bringing about a particular result cannot simultaneously act with conscious disregard of a substantial and unjustifiable risk that the very result will occur," (*People v Trappier*, 87 NY2d 55, 58 [1995]), the result accompanying the intentional assault (Penal Law § 120.10 [1]) is serious physical injury, which can mean death or the substantial risk of death, but also can mean "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]), and the result accompanying depraved indifference assault (Penal Law § 120.10 [3]) is a combination of serious physical injury *and* the reckless creation of a grave risk of death. Indeed, it is possible, as the jury found here, that defendant hit the victim with the van while intending to seriously injure her as well as accomplishing that goal, while doing so in a manner that, in addition, recklessly created a grave risk of her death as well as causing serious physical injury. Therefore, the counts were not inconsistent, and were properly submitted in the conjunctive (*see* CPL 300.30 [5]; *People v Trappier*, 87 NY2d at 59; *People v Moloi*, 135 AD2d at 577).

We also reject defendant's contention that his trial counsel was ineffective for failing to preserve the inconsistency issue (*see People v Carter*, 7 NY3d at 877). In any event, even if we

were to conclude that counsel should have raised this issue, we would find that his failure to do so did not cause defendant any prejudice.

The court properly declined to charge justification as a defense to the weapons possession counts (see People v Pons, 68 NY2d 264 [1986]; People v Almodovar, 62 NY2d 126, 129-131 [1984]).

The court properly exercised its discretion in dismissing, at the prosecutor's request and over defendant's objection, two counts charging defendant with reckless conduct relating to his shooting of the victim. Since the shooting was clearly intentional, the court properly concluded that submission of these counts "would probably interfere with, rather than advance, the jury's performance of its duty" (People v Leon, 7 NY3d 109, 114 [2006]). All of defendant's constitutional claims regarding the court's jury instructions and submission or dismissal of counts, and all of his pro se contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.