■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NIX, Appellant. [862 NYS2d 371]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered April 25, 2006, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Wilson*, 50 AD3d 711 [2008]; *People v Leon*, 19 AD3d 509, 510 [2005], *affd* 7 NY3d 109 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant possessed a loaded and operable weapon with the requisite intent to use it unlawfully against another (*see People v Pons*, 68 NY2d 264, 267-268 [1986]; *People v Wilson*, 50 AD3d 711 [2008]; *People v Leon*, 19 AD3d 509, 510 [2005], *affd* 7 NY3d 109 [2006]; *People v Smith*, 16 AD3d 602 [2005]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant further contends that the trial court should have given the jury a more detailed instruction regarding the impact of his justification defense on the issue of his intent to use the weapon unlawfully. However, since the defendant raised no objection to the charge as given, his present claim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Francis,* 49 AD3d 552 [2008]). In any event, the charge as a whole was a correct statement of the law which accurately set forth the elements of criminal possession of a weapon in the second degree, and the applicable burden of proof (*see People v Whalen,* 59 NY2d 273, 279 [1983]; *People v Thomas,* 232 AD2d 667 [1996]). Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.