■ The People of the State of New York, Respondent, v Manuel Romero, Appellant. [896 NYS2d 417]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered December 19, 2007, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review, as the defendant failed, with sufficient specificity, to move to dismiss the charge of criminal possession of a weapon in the second degree on such ground (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Nix*, 53 AD3d 557 [2008]; *People v Bailey*, 19 AD3d 431, 432 [2005]; *People v Tallarine*, 223 AD2d 738 [1996]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law § 265.03 [1]; *People v Pons*, 68 NY2d 264, 267-268 [1986]; *People v Nix*, 53 AD3d 557 [2008]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence established, inter alia, that after an earlier confrontation with the victim on the day of the

shooting, the defendant returned to the defendant's barber shop and obtained his gun. Thus, the jury could have reasonably concluded that the defendant possessed the weapon with the intent to use it unlawfully at the time he obtained it, even though he may have been justified in shooting the victim when he used it (*see People v Danielson,* 9 NY3d at 348; *People v Romero,* 7 NY3d at 643; *People v Smith,* 16 AD3d 602 [2005]). The defendant's own testimony that he displayed the weapon to "scare" the victim, which is conduct constituting the crime of menacing in the second degree, also supports the jury's determination that the defendant possessed the weapon with the intent to use it unlawfully against another (*see* Penal Law § 120.14 [1]; § 265.03 [1]).

The defendant's contention that the trial court failed to meaningfully respond to a jury note requesting that it "clarify the charge" with respect to "Criminal Possession of a Weapon in the Second Degree, with special attention to the phrase, 'used unlawfully against another,'" by instructing the jury with respect to the relationship between justification and intent to use a weapon unlawfully (*see* CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Nix,* 53 AD3d at 558; *People v Battle,* 15 AD3d 413, 414 [2005]; *People v Fair,* 308 AD2d 597 [2003]). In any event, the contention is without merit. Defense counsel was given ample opportunity to participate in the formulation of the court's response to the jury's note (*see People v Battle,* 15 AD3d at 414). Under the circumstances, the court's interpretation of and its response to the jury note were adequate (*see People v Steinberg,* 79 NY2d 673, 684 [1992]; *People v Malloy,* 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]; *People v Briggs,* 61 AD3d 770, 771 [2009], *lv denied* 12 NY3d 923 [2009]).

However, the remarks of the sentencing court demonstrated that it improperly considered the crimes of which the defendant was acquitted as a basis for sentencing (*see People v Schrader,* 23 AD3d 585, 585-586 [2005]; *People v Smith,* 305 AD2d 432 [2003]; *People v Reeder,* 298 AD2d 468 [2002]; *see also People v Zoniga,* 42 AD3d 474, 475 [2007]; *People v Maula,* 163 AD2d 180 [1990]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for resentencing.

The defendant's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.