■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNOX STEWART, Appellant. [900 NYS2d 60]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Lott, J.), rendered December 3, 2007, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree because the prosecution failed to establish that he possessed the weapon with intent to use it unlawfully against another is unpreserved for appellate review, since the defendant made only a general motion to dismiss the indictment and did not raise the specific ground that he raises on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-493 [2008]; People v Leon, 19 AD3d 509, 509-510 [2005]). While the defendant did raise a similar argument in his motion pursuant to CPL 330.30 to set aside the verdict, raising such an argument for the first time in a motion pursuant to CPL 330.30 is insufficient to preserve the claim for appellate review (see People v Padro, 75 NY2d 820, 821 [1990]; People v Hutchinson, 57 AD3d 565 [2008]; People v Sadler, 49 AD3d 670 [2008]).

In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court deprived him of a fair trial by failing to charge the jury specifically, with respect to the count of criminal possession of a weapon in the second degree, that he could not be found guilty if at all times he possessed the gun solely with intent to use it in self-defense also is unpreserved for appellate review, since the defendant failed to request that additional charge and/or to object to the charge on that count as given (see CPL 470.05 [2]; People v Nix, 53 AD3d 557, 558 [2008]; People v Francis, 49 AD3d 552, 553 [2008]). In any event, the defendant's contention is without merit, since the court's charge pertaining to the count of criminal possession of a weapon in the second degree accurately set forth the elements of the crime and the applicable burden of

proof, including that the People must prove beyond a reasonable doubt that the defendant possessed the loaded gun with intent to use it unlawfully against another (*see People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Nix*, 53 AD3d at 558; *see also People v Almodovar*, 62 NY2d 126, 130-131 [1984]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.