■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORTON, Appellant. [901 NYS2d 697]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered September 5, 2008, convicting him of conspiracy in the second degree, attempted criminal sale of a controlled substance in the third degree, attempted criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal sale of a firearm in the third degree, and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea allocution was factually insufficient to establish the crime of criminal possession of a weapon in the second degree is not preserved for appellate review, since the defendant failed to move to withdraw his plea prior to sentencing (*see* CPL 470.05 [2]; *People v Broadwater*, 69 AD3d 643 [2010], *lv denied* 14 NY3d 798[2010]; *People v Huchital*, 22 AD3d 681 [2005]).

Moreover, the narrow exception to the preservation rule does not apply, because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or otherwise raise a question as to the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662 [1988]; *People v Broadwater*, 69 AD3d 643 [2010]; *People v Kelly*, 50 AD3d 921 [2008]; *People v Ross*, 41 AD3d 870 [2007]).

In any event, the defendant's admissions during the plea allocution were sufficient to support his plea of guilty to criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]; *People v Nix*, 53 AD3d 557 [2008]; *People v Cade*, 215 AD2d 772 [1995]). During the plea allocution, the defendant admitted that he possessed a loaded firearm, which he knew was operable.

The defendant's claim that his sentence was excessive is without merit. The defendant pleaded guilty with a full understanding that he would receive the term of imprisonment actually imposed at the time of sentencing and, therefore, has

no basis now to complain that his sentence was excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Santucci, Hall and Lott, JJ., concur.