■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EVANS, Also Known as STANLEY EMERSON, Appellant. [913 NYS2d 41]—

Judgment, Supreme Court, Bronx County (Michael Sonberg, J.), rendered May 21, 2008, as amended May 28, 2008, convicting defendant, after a jury trial, of rape in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant, who was indicted for numerous crimes including forcible rape, was only convicted under a count of the indictment charging third-degree rape pursuant to Penal Law § 130.25 (3). As part of the Sexual Assault Reform Act (L 2000, ch 1), the Legislature established a theory of rape in which the victim's "lack of consent is by reason of some factor other than incapacity to consent." Lack of consent for purposes of this crime occurs where "the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood such person's words and acts as an expression of lack of consent to such act under all the circumstances" (Penal Law § 130.05 [2] [d]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury's mixed verdict does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]). The victim testified that she repeatedly told defendant that she wanted to leave and that she was "crying the whole time." Thus, her words and actions clearly expressed an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that she was not consenting (*People v Newton*, 8 NY3d 460, 463-464 [2007]), particularly when viewed in light of defendant's own actions throughout this encounter, which began when defendant forced her to his apartment. Viewed in context, the victim's requests to leave were clear expressions of unwillingness to engage in sexual activity.

Third-degree rape under Penal Law § 130.25 (3) also has several unusual procedural aspects, contained in CPL 300.50 (6). That statute specifically provides that this type of third-degree

rape is not a lesser included offense of any other crime, including first-degree rape. However, "such offense may be submitted as a lesser included offense of the applicable first degree offense when (i) there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater offense, and (ii) both parties consent to its submission" (CPL 300.50 [6]).

At trial, defendant opposed submission of the third-degree rape count on which he was convicted (as well as other third-degree counts of which he was acquitted), but only on the ground that the evidence did not support the third-degree counts. Therefore, he did not preserve his present claim that even though it was a separate, preexisting count of the indictment, the court was still obligated to obtain his consent before submitting the third-degree count of which he was convicted, and we decline to review this claim in the interest of justice. As an alternative holding, we also reject it on the merits. The court did not submit the third-degree count as a lesser included offense of the first-degree count, but as a separate count of the indictment, a situation not addressed by CPL 300.50 (6). Furthermore, this separate count was not a lesser included offense of the first-degree rape count, but was instead a noninclusory concurrent count (*see People v Leon*, 7 NY3d 109, 112-113 [2006]). As noted, the statute expressly declares that this type of third-degree rape is not a lesser included offense of forcible rape. Moreover, even without this legislative declaration, we note that although forcible compulsion generally implies that the victim did not consent, a person could commit forcible first-degree rape without necessarily committing the particular type of third-degree rape criminalized under Penal Law § 130.05 (2) (d) and § 130.25 (3). For example, a person might demand sexual intercourse while making a death threat, causing the terrified victim to submit immediately, without ever doing or saying anything to *express* lack of consent, as required by Penal Law § 130.05 (2) (d).

Although the court, prior to summations, indicated that it would not allow defense counsel to argue that the victim had consented, counsel ultimately was able to make this point by repeatedly telling the jury that the victim was not telling the whole story, that the defendant's actions were inconsistent with those of a rapist, and that the victim was not forced to do anything. Thus, any error in the court's pre-summation ruling was harmless. Since defendant did not argue that he was constitutionally entitled to make the proposed argument, he did not preserve his constitutional claims (*see People v Angelo*, 88

NY2d 217 [1996]), and we decline to review his claims in the interest of justice. As an alternative holding, we also reject those claims on the merits, and find the alleged error to be harmless in any event. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.