■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOIRE VINCENT, Appellant. [914 NYS2d 298]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silber, J.), rendered November 30, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of criminal possession of a

weapon in the second degree under Penal Law § 265.03 (1) (b). At trial, the People adduced evidence that the defendant possessed a firearm which was used to shoot a neighbor's dog. The defendant testified that he had various problems with this neighbor, who he had seen with the dog. It was further revealed that the defendant had served in the military and that the subject firearm was defaced. The defendant testified that he knew how to handle a gun because of his background. Although the defendant testified that he kept the firearm in a toolbox in his basement, the police recovered the weapon from a slit in a speaker which was in the defendant's basement.

A person is guilty of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) when "with intent to use the same unlawfully against another, such person: . . . (b) possesses a loaded firearm" (Penal Law § 265.03 [1] [b]). Penal Law § 265.15 (4) provides "[t]he possession by any person of any dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another" (Penal Law § 265.15 [4]). The term "another" refers to another person (*see People v Okafore*, 72 NY2d 81, 82 [1988]; *People v Hopper*, 277 AD2d 171 [2000]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecutor (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [1] [b]; § 265.15 [4]; *People v Pons*, 68 NY2d 264 [1986]; *People v Romero*, 71 AD3d 795 [2010]; *People v Leon*, 19 AD3d 509 [2005], *affd* 7 NY3d 109 [2006]). The evidence that the defendant possessed a loaded firearm, together with the statutory presumption that possession of a weapon indicated an intent to use the same unlawfully against another, was legally sufficient to support the conviction (*cf. People v Vargas*, 60 AD3d 1236, 1238 [2009]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing

the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, whether he possessed the firearm in his home, or whether he used the firearm to shoot the dog, is irrelevant. Furthermore, the defendant never asserted, for example, that he only obtained the firearm for his protection or that he possessed the firearm solely to protect himself from the dog. Thus, the defendant failed to rebut the presumption that he possessed the loaded firearm with the intent to use it unlawfully against another person (*see* Penal Law § 265.15 [4]).

The defendant's claim of ineffective assistance of counsel rests partially on matter which is dehors the record and therefore is not properly before this Court (*see People v Sumahit*, 72 AD3d 991 [2010]). To the extent this claim is reviewable, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, reveal that counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 711-713 [1998]).

The defendant's challenge to the Supreme Court's supplemental jury instruction with respect to the definition of a person's home in connection with the second count of the indictment charging criminal possession in the second degree (*see* Penal Law § 265.03 [3]) is unpreserved for appellate review. In any event, that contention is academic as the defendant was not convicted under that count. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.