■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL PETERSON, Appellant. [951 NYS2d 223]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 14, 2010, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 6, 2008, the defendant was pulled over for driving a vehicle with a broken headlight. While asking for the defendant's driver's license, registration, and insurance card, a police officer observed a small plastic bag of what appeared to be marijuana on the floor near the defendant's foot. The officer instructed the defendant and the two male passengers in the vehicle to step out of the car. Upon exiting the car, the defendant informed the officer that there was a firearm under the front seat of the car. The officer returned to the car and found a loaded .357 revolver in that location. The defendant and his companions were arrested and taken to the police precinct station house. There, the defendant provided a written statement to the effect that he was a confidential informant working for an Officer Tepperman, that he had obtained the gun from a man named Emmett, and that he had intended to turn over the gun to Officer Tepperman in exchange for $1,000.

The defendant contends that his conviction of criminal possession of a weapon in the second degree is both unsupported by legally sufficient evidence and against the weight of the evidence, in part because the possession was not with the intent to use the firearm unlawfully against another. The defendant also contends that the verdict was against the weight of the evidence insofar as the jury rejected the defendant's claim of temporary and innocent possession. The defendant's claims are without merit.

A person is guilty of criminal possession of a weapon in the second degree when "with intent to use the same unlawfully

against another, such person . . . possesses a loaded firearm" (Penal Law § 265.03 [1] [b]). "The essence of the illegal conduct defined in sections 265.01-265.05 of the Penal Law is the act of possessing a weapon unlawfully. The crime may be more serious because of the intent with which the defendant acts but unless the possession is innocent, the crime has been committed. Once the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime . . . In some circumstances, however, a person may possess an unlicensed or proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession. This defense of 'temporary and lawful' possession applies because as a matter of policy the conduct is not deemed criminal" (*People v Almodovar*, 62 NY2d 126, 130 [1984]).

"[T]he possession by any person of [a loaded firearm] is presumptive evidence of . . . intent to use the same unlawfully against [another]" (Penal Law § 265.15 [4]; *see People v Vincent*, 80 AD3d 633, 634 [2011]). However, "the jury . . . [has] a choice as to whether to apply the statutory presumption" (*People v Smith*, 23 AD3d 415, 416 [2005]), and "[t]he presumption is rebuttable" (*People v Lewis*, 116 AD2d 16, 19 [1986]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree (*see* Penal Law §§ 265.03 [1] [b]; 265.15 [4]; *People v Pons*, 68 NY2d 264 [1986]; *People v Romero*, 71 AD3d 795 [2010]; *People v Leon*, 19 AD3d 509 [2005], *affd* 7 NY3d 109 [2006]). The evidence that the defendant possessed a loaded firearm, together with the statutory presumption that possession of a weapon indicated an intent to use the same unlawfully against another, was legally sufficient to support the conviction.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the jury was warranted in concluding that his

testimony that he had spoken with the police about working with them as a confidential informant and that he thought he was acting in that capacity when he possessed the gun did not rebut the presumption that he possessed the loaded firearm with the intent to use it unlawfully against another person (*see* Penal Law § 265.15 [4]; *People v Vincent*, 80 AD3d at 634-635; *People v Johnson*, 46 AD3d 838 [2007]; *People v Porter*, 144 AD2d 598 [1988]).

The defendant's contentions regarding remarks made by the prosecutor during her summation are without merit (*see People v Maxwell*, 89 AD3d 1106, 1107 [2011]; *People v Smalls*, 65 AD3d 708, 708 [2009]).

The defendant's contention regarding the court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) does not require reversal. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.