THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR URBINA, Appellant. [951 NYS2d 753]—

The defendant was charged, inter alia, with attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]).

During the charge conference, the Supreme Court informed the parties that it would submit to the jury only the most seri-

ous count of the indictment, attempted rape in the first degree. Defense counsel objected, but the court adhered to its ruling. Later, at the close of the prosecutor's summation, the prosecutor told the jury that the court would be submitting to the jury only the count charging attempted rape in the first degree "because [the defendant] attempted to rape the [complainant]." The court overruled defense counsel's immediate objection.

A court may, in its discretion, decline to submit noninclusory concurrent counts of an indictment for the jury's consideration (*see* CPL 300.40 [3] [a]; *People v Leon*, 7 NY3d 109, 113 [2006]; *People v Pitterson*, 45 AD3d 308, 310 [2007]). In exercising that discretion, the court must consider whether submission of the noninclusory concurrent counts would assist the jury in arriving at a fair verdict, or whether submission of those counts would instead distract the jury from the performance of its duty or permit it to engage in jury nullification (*see People v Leon*, 7 NY3d at 114). In this case, the count charging attempted sexual abuse in the first degree (*see* Penal §§ 110.00, 130.65 [1]) was a noninclusory concurrent count of the count charging attempted rape in the first degree (*see People v Wheeler*, 67 NY2d 960 [1986]). Under the circumstances present here, the Supreme Court's refusal to submit that noninclusory concurrent count was an improvident exercise of discretion. The submission of that count would not have distracted the jury from the performance of its duty, but would have assisted it in arriving at a fair verdict. The court's improvident exercise of discretion was compounded when the prosecutor asserted in her summation that the court's reason for submitting only one count was "because" the defendant was guilty of that count, which strongly implied that the court also believed that the defendant was guilty of that count. The improper implication was only strengthened when the court overruled defense counsel's objection. Inasmuch as the errors may have affected the verdict, a new trial is required (*see People v Extale*, 18 NY3d 690, 696 [2012]).

In light of our determination, we need not address the defendant's remaining contentions (*cf. People v Evans*, 94 NY2d 499, 504 [2000]). Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.