■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON PETITBRUN, Appellant. [999 NYS2d 164]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 10, 2011, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of criminal possession of a weapon in the second degree is both unsupported by legally sufficient evidence and against the weight of the evidence because the People failed to establish that he had the intent to use a firearm unlawfully against another.

A person is guilty of criminal possession of a weapon in the second degree when "with intent to use the same unlawfully against another, such person . . . possesses a loaded firearm" (Penal Law § 265.03 [1] [b]). "The possession by any person of [a loaded firearm] is presumptive evidence of . . . intent to use the same unlawfully against . . . another" (Penal Law § 265.15 [4]; *see People v Vincent*, 80 AD3d 633, 634 [2011]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law §§ 265.03 [1] [b]; 265.15 [4]; *People v Galindo*, 23 NY3d 719, 724 [2014]; *People v Peterson*, 98 AD3d 1137 [2012]; *People v Vincent*, 80 AD3d at 634). The defendant's statement to a 911 operator that he had shot himself in the leg, together with the statutory presumption that possession of that weapon indicates an intent to use it unlawfully against another, was legally sufficient to support the conviction.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Peterson*, 98 AD3d 1137 [2012]; *People v Vincent*, 80 AD3d at 634-635).

The defendant's contention that his waiver of the right to a jury trial was inadequate is unpreserved for appellate review, as he did not challenge the adequacy of his waiver in the Supreme Court (*see* CPL 470.05 [2]; *People v Magnano*, 77 NY2d 941 [1991]; *People v Dixon*, 113 AD3d 1104 [2014]; *People v Butler*, 17 AD3d 379 [2005]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit (*see People v Galindo*, 23 NY3d at 723; *People v Vincent*, 80 AD3d at 634). Rivera, J.P., Roman, Duffy and Barros, JJ., concur.