■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON TAYLOR, Appellant. [19 NYS3d 433]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered September 7, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law §§ 265.03 [1] [b]; 265.15 [4]; *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vincent*, 80 AD3d 633, 634

[2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d at 348-349; *People v Vincent*, 80 AD3d at 634), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Pelosi*, 128 AD3d 733 [2015]).

The defendant's arguments regarding the prosecutor's allegedly improper comments during summation are largely unpreserved for appellate review. In any event, most of those remarks were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Williams*, 123 AD3d 1152, 1152 [2014], *lv granted* 25 NY3d 1173 [2015]). To the extent that any remaining challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial (*see People v Williams*, 123 AD3d at 1152). Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.