People v Mejia (2018 NY Slip Op 02655)





People v Mejia


2018 NY Slip Op 02655


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-01022
 (Ind. No. 15-00991)

[*1]The People of the State of New York, respondent,
v
Marvin Geovany Mejia, appellant.


Robert Schuster, Mt. Kisco, NY (John R. Lewis of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered November 29, 2016, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with rape in the first degree (Penal Law § 130.35[1]), rape in the third degree (Penal Law § 130.25[3]), and two counts of sexual abuse in the first degree (Penal Law § 130.65[1]).
During the charge conference, defense counsel requested that the Supreme Court not submit the rape in the third degree count for the jury's consideration. The court denied the request. The defendant was acquitted of rape in the first degree and both counts of sexual abuse in the third degree, but was convicted of rape in the third degree.
The defendant contends that the Supreme Court erred in submitting the count of rape in the third degree for the jury's consideration. Rape in the third degree is a noninclusory concurrent count of rape in the first degree (see CPL 300.50[6]; People v Evans, 79 AD3d 454, 455). When offenses are noninclusory, the submission of the less serious count is not mandatory; rather it is a matter for the trial court's discretion whether to dismiss the count (see CPL 300.40[3][a]; People v Leon, 7 NY3d 109, 113; People v Boyd, 152 AD3d 53, 56, affd___NY3d___, 2018 NY Slip Op 02120 [2018]; People v Pitterson, 45 AD3d 308, 310). "In exercising its discretion, the court ha[s] [*2]to weigh competing possibilities: Would the submission of the [less serious] count help the jury arrive at a fair verdict, or would it simply provide a distraction or an opportunity to split the difference?" (People v Leon, 7 NY3d at 114). Here, the court's submission to the jury of the count of rape in third degree was not an improvident exercise of discretion (see People v Urbina, 99 AD3d 821, 822). Moreover, even if the verdict was motivated by leniency, this is not a ground for reversal, as the verdict was not repugnant as a matter of law (see People v Rayam, 94 NY2d 557, 562; People v Barrow, 103 AD3d 745, 746; People v Donovan, 58 AD3d 640, 641; People v Vitta, 220 AD2d 468, 469).
Additionally, the defendant was not deprived of a fair trial by the testimony of a prosecution witness which may have created an inference that he had a criminal record. The Supreme Court's actions in striking the objectionable testimony from the record and issuing a curative instruction eliminated any prejudice to the defendant (see People v Schlackman, 153 AD3d 641, 642; People v Onikosi, 140 AD3d 516, 517-518; People v Spears, 140 AD3d 1629, 1630; People v Arena, 70 AD3d 1044, 1046-1047; People v Whitely, 41 AD3d 622, 623; People v Carter, 40 AD3d 1310, 1313). The court did not err in declining defense counsel's request to issue further instructions during the charge regarding this testimony.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court