People v Diaz (2019 NY Slip Op 07601)





People v Diaz


2019 NY Slip Op 07601


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-12191
 (Ind. No. 2872/14)

[*1]The People of the State of New York, respondent,
v
Steven Diaz, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered October 13, 2016, convicting him of criminal possession of a weapon in the second degree, criminal possession of marihuana in the first degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]).
The defendant's contention that the People failed to prove his intent to use a weapon unlawfully against another is without merit. Under Penal Law § 265.15(4), "[t]he possession by any person of [a loaded firearm] is presumptive evidence of . . . intent to use the same unlawfully against [another]" (People v Peterson, 98 AD3d 1137, 1138 [internal quotation marks omitted]; see Penal Law § 265.15[4]). This statutory presumption allowed the jury to infer such intent, and that inference was not negated by the evidence (see People v Peterson, 98 AD3d at 1138; People v Walcott, 235 AD2d 368, 368-369). While there was evidence that the underlying shooting was accidental, "the charge of criminal possession of a weapon in the second degree is not based upon the nature of its subsequent use" (People v Gillespie, 168 AD2d 567, 568).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention regarding ineffective assistance of counsel is without merit. The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court