■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLUSHEGUN ONIKOSI, Appellant. [34 NYS3d 18]—

Judgment, Supreme Court, New York County (Thomas Farber, J., at speedy trial motion; Arlene D. Goldberg, J., at jury trial and sentencing), rendered February 21, 2013, convicting defendant of identity theft in the first degree (three counts), identity theft in the second degree, criminal possession of stolen property in the fourth degree, grand larceny in the third degree and criminal possession of a forged instrument in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. During the period of delay at issue, a necessary police witness who was a member of the Army Reserve was serving on active duty, initially overseas and then while being treated for an injury received in Iraq. The court correctly found that the officer's unavailability constituted an exceptional circumstance (*see* CPL 30.30 [4] [g]). The People exercised due diligence by checking on the officer's status, initially with the officer and the NYPD, and keeping the court and defense counsel apprised that the officer had been deployed, had been returned to the United States after an injury, had undergone surgery, and then was recovering on medication. The People then contacted the Army, and served a subpoena to procure the officer's testimony while he was still on active duty. Accordingly, the People made a sufficient showing of due diligence. Even if they had been in direct contact with the Army, rather than the NYPD, at an earlier date, there is no reason to believe the officer could have been made available any earlier (*see People v Lopez*, 2 AD3d 234 [1st Dept 2003], *lv denied* 2 NY3d 742 [2004]; *People v Womack*, 229 AD2d 304 [1st Dept 1996], *affd* 90 NY2d 974 [1997]). The People's submissions support the conclusion that the officer was unable to testify for the entire period at issue, because he was either deployed to a combat zone or was medically unavailable.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. A chain of evidence, viewed as a whole, amply established defendant's accessorial liability.

The trial court providently exercised its discretion in refusing to declare a mistrial after an officer referred to defendant's "probation officer," because the court immediately delivered a

curative instruction that the jury should completely disregard that testimony, thus alleviating any prejudice from the brief and inadvertent suggestion that defendant had a criminal record (*see People v Santiago*, 52 NY2d 865 [1981]). The jury is presumed to have followed that instruction (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

The court also providently exercised its discretion in refusing to adjourn the sentencing to allow defense counsel to submit a motion to set aside the verdict. Counsel made this request over a month after learning that a juror had sent the court a letter stating that the jury "may have rushed to judgment," that defendant would have been found guilty on "some counts," but that the verdict was "overkill," and that "justice was not served." The letter did not suggest any misconduct that might warrant setting aside the verdict (*see* CPL 330.30 [2]; *People v Horney*, 112 AD2d 841, 842 [1st Dept 1985], *lv denied* 66 NY2d 615 [1985]). Moreover, as the court noted, the jurors, including the juror who sent the letter, were polled after the verdict and each unequivocally confirmed his or her verdict on each of the counts.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.