■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHAN SCHLACKMAN, Appellant. [57 NYS3d 409]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered August 14, 2014, convicting him of attempted murder in the second degree, attempted arson in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), attempted arson in the second degree (Penal Law §§ 110.00, 150.15), and reckless endangerment in the first degree (Penal Law § 120.25), based on an incident where he placed a tub of gasoline at the front door of the home of the boyfriend of the mother of his children, and attempted to light it on fire. The defendant's contention that, with respect to the count of attempted murder in the second degree, the People failed to present legally sufficient evidence that he intended to kill the boyfriend, is without merit. Viewing the evidence in the light most favorable

to the prosecution (*see People v Calabria*, 3 NY3d 80, 81-82 [2004]), we find that it was legally sufficient to establish that the defendant intended to cause the boyfriend's death. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict as to the attempted murder in the second degree count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the People's request that it give the jury a missing witness instruction as to a friend of the defendant (*see People v O'Hara*, 253 AD2d 560, 561 [1998]; *cf. People v Savinon*, 100 NY2d 192, 197-198 [2003]). Nonetheless, reversal is not required as a result of the erroneously delivered missing witness charge because there was overwhelming evidence of the defendant's guilt and no significant probability that the defendant would have been acquitted absent the instruction (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *cf. People v Hall*, 18 NY3d 122, 132 [2011]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial after a witness referred to a matter that the court had ruled was inadmissible. "The decision whether to grant a motion for a mistrial 'rests within the sound discretion of the trial court which is in the best position to determine if [a mistrial] is truly necessary to protect the defendant's right to a fair trial' " (*People v Arena*, 70 AD3d 1044, 1046 [2010], quoting *People v Cooper*, 173 AD2d 551, 552 [1991]; *see People v Whitely*, 41 AD3d 622, 623 [2007]). Here, the objectionable testimony was promptly stricken from the record, and defense counsel declined the court's offer to give a curative instruction. The mere mention of the precluded matter did not itself deprive the defendant of a fair trial (*see People v Hakmoun*, 232 AD2d 243, 243-244 [1996]).

The defendant's contention that the admission of certain evidence violated his constitutional right to confront witnesses against him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Liner*, 9 NY3d 856, 856-857 [2007]; *People v Castro*, 149 AD3d 862 [2017]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit, or rest on matter that is, in part, dehors the record and cannot be determined solely

with reference to matter that is on the record (*see People v Williams*, 149 AD3d 986 [2017]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.