People v Jones (2018 NY Slip Op 08327)





People v Jones


2018 NY Slip Op 08327


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-02707
 (Ind. No. 211/14)

[*1]The People of the State of New York, respondent,
v
Lamont Jones, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Gibson, Dunn & Crutcher LLP [Indraneel Sur], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered March 26, 2015, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that he was deprived of a fair trial by the introduction of evidence that he was wearing a bulletproof vest at the time of his arrest and that the prosecutor improperly commented on this evidence during summation are without merit (see People v McKnight, 72 AD3d 846, 847, affd 16 NY3d 43; People v Barrier, 298 AD2d 138, 138-139). The evidence that the defendant was wearing a bulletproof vest at the time of his arrest was admitted only to show that he had heard the complainant's threat and believed he needed to protect himself from retaliation by the complainant's family. The Supreme Court's limiting instruction to the jury alleviated any prejudice resulting from the admission of this evidence (see People v Bell, 136 AD3d 838, 839).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial based upon the complainant's brief reference during cross-examination to a matter that was inadmissible. "[T]he decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (People v Wakefield, 212 AD2d 649, 649; see People v Schlackman, 153 AD3d 641, 642; People v Tullock, 148 AD3d 1061, 1061). The court promptly struck the objectionable testimony and issued a curative instruction that the jury should completely disregard that testimony, which eliminated any prejudice to the defendant (see People v Mejia, 160 AD3d 899, 900; People v Schlackman, 153 AD3d at 642; People v Onikosi, 140 AD3d 516, 517-518).
The defendant's contention that he was deprived of the effective assistance of counsel because his attorney allowed him to make unsworn comments to the jury is without merit since, inter alia, the record demonstrates that the defendant's comments were made to the Supreme Court outside the presence of the jury.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court