People v Thornhill (2020 NY Slip Op 06154)





People v Thornhill


2020 NY Slip Op 06154


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-14594
 (Ind. No. 575/16)

[*1]The People of the State of New York, respondent,
v
Davon Thornhill, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered October 31, 2018, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in denying his motion for a mistrial after a police officer mentioned at trial the defendant's status as a parolee. "[T]he decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (People v Wakefield, 212 AD2d 649, 649; see People v Jones, 167 AD3d 654; People v Schlackman, 153 AD3d 641, 642). Here, the police officer's brief, inadvertent mention of the defendant's status as a parolee was immediately stricken by the court and curative instructions were provided to the jury, which alleviated any prejudice to the defendant (see People v Santiago, 52 NY2d 865, 866; People v Lockhart, 220 AD2d 690, 691; People v Moore, 148 AD2d 754, 755).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court