People v Logan (2023 NY Slip Op 06449)

People v Logan

2023 NY Slip Op 06449

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Ind. No. 2467/13 Appeal No. 1221 Case No. 2015-2981 

[*1]The People of the State of New York, Respondent,
v
Goran Logan, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J., at speedy trial motion; Ann M. Donnelly, J., at jury trial and sentencing), rendered January 6, 2015, convicting defendant of kidnapping in the second degree (three counts), burglary in the first degree, burglary in the second degree, and assault in the third degree (three counts), and sentencing him to an aggregate term of 22 years, unanimously affirmed.
The verdict was not against the weight of evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim's testimony of defendant's physical abuse during their relationship was corroborated by, among other evidence, the photographs she took of her injuries and her contemporaneous journal entries. Further, the victim and her parents consistently testified to the events of the night when defendant held them hostage in their apartment by threatening them with a gun and knives and later abducted the victim from her home, which was also corroborated by other evidence.
The court properly denied defendant's speedy trial motion. The 106-day delay from May 6, 2014 to August 20, 2014 was attributed to the victim's basic training and active military service in the Israeli military. The court correctly determined that the witness's unavailability constituted exceptional circumstances (see CPL 30.30[4][g]; People v Onikasi, 140 AD3d 516, 517 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]). Additionally, the People exercised due diligence in procuring the presence of the victim by checking on her status, maintaining weekly contact with her and her parents, serving a subpoena to secure her testimony, and apprising the court and defense counsel of when she was expected to return. Defendant's claim concerning the 77-day period from October 30, 2013 to December 11, 2013 is unpreserved because he abandoned it by not pursing it during the hearing. In any event, this period was excludable as a reasonable delay while the People awaited the results of DNA analysis from the Office of the Chief Medical Examiner (see People v Hamilton, 159 AD3d 559, 560 [1st Dept 2018], lv denied 31 NY3d 1117 [2018]). The People exercised due diligence to obtain those results by having kept defense counsel apprised of their efforts and obtaining an oral swab from defendant to prevent an additional adjournment.
We perceive no basis for reducing the sentence.
We have considered defendant's remaining arguments, including those raised in his pro se supplemental brief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023